**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DONALD COOK** *Plaintiff* | **CIVIL ACTION** |
| v. | **SECTION "____"** |
| **NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA and HYATT CORPORATION d/b/a HYATT HOUSE NEW ORLEANS** *Defendants* | **JUDGE** **MAGISTRATE** |

**NOTICE OF REMOVAL TO FEDERAL COURT**

To: The Honorable Judges of the United
States District Court for the Eastern
District of Louisiana.

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants, Nation Union Fire Insurance Company of Pittsburgh, PA and Hyatt Corporation, file this Notice of Removal of an action captioned *Donald Cook v. National Union Fire Insurance Company of Pittsburgh, PA, et al.*, Docket No. 2020-09925, pending in the Civil District Court for the Parish of Orleans, State of Louisiana, on the following grounds:

**I.    Factual introduction and procedural history supporting removal.**

1.    On November 20, 2020, Plaintiff, Donald Cook, filed a lawsuit in the Civil District Court for the Parish of Orleans, State of Louisiana, against National Union Fire Insurance Company of Pittsburgh, PA ("NUFICO") and Hyatt Corporation ("Hyatt").[1] The lawsuit is entitled *Donald Cook v. National Union Fire Insurance Company of Pittsburgh, PA, et al.*, bearing docket number 2020-09925, Section A-16, pending in the Civil District Court for the Parish of Orleans.

---

[1] Petition for Damages, attached hereto as Exhibit "A".

2. In the Petition for Damages, Plaintiff alleged he "was injured and is entitled to recover such damages as are reasonable in the premises" as a result of an accident that occurred at the Hyatt House New Orleans hotel on December 18, 2019.[2] He further claims he is seeking damages for "past and future physical pain and suffering, past and future mental pain and suffering, past and future loss of enjoyment of life, disability to the body, past and future medical expenses, loss of future earnings, loss of future earning capacity, and loss of consortium[.]"[3] However, there is no allegation as to the general amount of these damages.

3. Pursuant to LA. CODE CIV. PROC. art. 893, a plaintiff filing suit in Louisiana State Court is prohibited from pleading a specific monetary amount of damages in their initial petition for damages. But Article 893 also provides that "if a specific amount of damages is necessary to establish ... the right to a jury trial [or] the lack of jurisdiction of federal courts due to insufficiency of damages ... a general allegation that the claim exceeds or is less than the requisite amount is required."[4] Accordingly, Plaintiff's Petition for Damages complies with Article 893 in part, in that it does not plead a specific amount of damages, but fails to comply with Article 893 in that it does not contain a general allegation that the claim exceeds or is less than the amount necessary to establish federal jurisdiction of this Court pursuant to 28 U.S.C. § 1332.

4. On December 9, 2020, Sentry Casualty Company ("Sentry") filed a Petition of Intervention in the suit entitled *Donald Cook v. National Union Fire Insurance Company of Pittsburgh, PA, et al.*, bearing docket number 2020-09925, Section A-16, pending in the Civil

---

[2] Exhibit "A", at ¶¶ 3, 4.
[3] *Id.* at ¶ 2.
[4] LA. CODE CIV. PROC. art. 893(A)(1).

District Court for the Parish of Orleans.[5] Named as defendants-in-intervention were Donald Cook, NUFICO, and Hyatt.[6]

5. As a result of the lack of general allegation of the amount of damages contained in, both the Petition, on January 14, 2021, undersigned counsel sent correspondence to Plaintiff's counsel highlighting the lack of compliance with Article 893.[7] In order to help resolve the issue without the need to resort to motion practice, attached to the correspondence was a proposed joint stipulation stating that the amount in controversy for Plaintiff's lawsuit was less than $75,000.00, exclusive of interest and costs.[8]

6. In response to undersigned counsel's correspondence, opposing counsel sent an e-mail on January 14, 2021 and stated "the case is worth in excess of $75,000.00."[9] Accordingly, on January 14, 2021, Defendants first received notice that the amount in controversy of this case exceeded the jurisdictional requirement set forth by 28 U.S.C. § 1332.

**II. Removal is proper because this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and no defendants properly joined and served in this matter are citizens of Louisiana.**

**A. Complete diversity of citizenship exists.**

7. 28 U.S.C. § 1332(a) provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different States...."

8. Because Sentry, as intervenor, is a party to this lawsuit at the time of removal, it must also be determined whether Sentry is aligned with Plaintiff or Defendant in order to

---

[5] Petition of Intervention, attached hereto as Exhibit "B".
[6] Exhibit "B", at ¶ 7.
[7] January 14, 2021 Correspondence Regarding Compliance with LA. CODE CIV. PROC. art. 893, attached hereto as Exhibit "C".
[8] Exhibit "C"; *See also* Proposed Joint Stipulation, attached hereto as Exhibit "D".
[9] January 14, 2021 E-Mail Correspondence Regarding Amount in Controversy, attached hereto as Exhibit "E".

determine whether diversity under § 1332(a) exists.[10] In its Petition for Intervention, Sentry indicates it is seeking recovery of workers' compensation benefits paid to Plaintiff.[11] "An intervenor who has paid benefits to an employee or will pay benefits in the future, and who is seeking to recover those payments and any future payment obligations form a third-party tortfeasor, is properly aligned with the Plaintiff."[12]

9. Here, the citizenship of the parties is as follows:

    a. Plaintiff, Donald Cook, is "a resident of the County of Gwinnett, State of Georgia."[13]

    b. Defendant, NUFICO, is a corporation formed under the laws of the state of Pennsylvania, with its principal place of business located in the state of New York. Therefore, NUFICO is a citizen of both Pennsylvania and New York.

    c. Defendant, Hyatt, is a corporation formed under the laws of the state of Delaware, with its principal place of business located in the state of Illinois. Therefore, Hyatt is a citizen of both Delaware and Illinois.

    d. Defendant, Sentry, is a corporation formed under the laws of the state of Wisconsin, with its principal place of business located in the state of Wisconsin. Therefore, Sentry is a citizen of Wisconsin.

---

[10] *See Balboa v. Metso Minderals Indus.*, No. 18-cv-9968, 2019 U.S. Dist. LEXIS 231561, at *5 (E.D. La. Jan. 2, 2019).
[11] Exhibit "B", at ¶¶ 3-4.
[12] *Balboa*, 2019 U.S. Dist. LEXIS 231561, at *5 (citing *Norwood v. Grocers Supply Co., Inc.*, No. 12-751, 2013 U.S. Dist. LEXIS 25510, 2013 WL 686410 (W.D. La. Feb. 25, 2013); *Dushane v. Gallagher Kaiser Corp.*, No. 05-0171, 2005 U.S. Dist. LEXIS 39905, 2005 WL 1959151 (W.D. La. Aug. 10, 2005)).
[13] Exhibit "A", at p. 1.

10. As the foregoing illustrates, Plaintiff and Sentry are citizens of Georgia and Wisconsin, while Defendants are citizens of Pennsylvania, New York, Delaware, and Illinois. Accordingly, complete diversity of citizenship exists.

**B. The amount in controversy exceeds $75,000.**

11. As noted above, 28 U.S.C. § 1332(a) provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different States...."

12. 28 U.S.C. § 1442(b)(1) provides, "[t]he notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(c)(2) further provides, "[i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]"

13. 28 U.S.C. § 1442(b)(3) provides that in the event it cannot be determined from the face of an initial pleading that the case is removable, a notice of removal may be filed within 30 days of receipt by the defendant, "of a copy of an amended petition, motion, order or other paper from which it may first be ascertained that the case is one which has become removable." Removal under § 1442(b)(3) must be perfected within one year of the commencement of the action in state court.[14]

14. Pursuant to LA. CODE CIV. PROC. art. 893, a plaintiff filing suit in Louisiana State Court is prohibited from pleading a specific monetary amount of damages in their initial petition for damages. But Article 893 also provides that "if a specific amount of damages is necessary to

---

[14] 28 U.S.C. § 1446(c)(1).

establish ... the right to a jury trial [or] the lack of jurisdiction of federal courts due to insufficiency of damages ... a general allegation that the claim exceeds or is less than the requisite amount is required."[15]

15. Here, the Plaintiff's Petition does not contain a general allegation that the claim exceeds or is less than the requisite amount to establish the lack of jurisdiction of the federal courts. The Petition also does not specify the types of injuries Plaintiff allegedly sustained in a way that allows the Defendants to determine the potential value of Plaintiff's lawsuit. Accordingly, it is not apparent from the face of Plaintiff's Petition this matter is removable.

16. As outlined above, if it is not clear from the face of the initial pleading that a matter is removable, a defendant may still remove a matter within 30 days of receipt of a copy of a motion or other paper from which is can be ascertained that the case has become removable. Here, Defendants are in possession of the e-mail sent by Plaintiff's counsel on January 14, 2021 stating "the case is worth in excess of $75,000.00."[16] Accordingly, while it is not clear from the face of the initial pleading that this matter is removable, it can be ascertained from the e-mail correspondence from January 14, 2021 that Plaintiff's damages in this matter are greater than $75,000.00, which establishes federal jurisdiction under 28 U.S.C. § 1332(a).

17. Additionally, as outlined above, for purposes of determining whether federal jurisdiction under § 1332 exists, the interests of Sentry, as the workers' compensation intervenor, are aligned with Plaintiff.[17] Defendants note that while, as a general rule, aggregation of claims brought by multiple plaintiffs to meet the jurisdictional requirement of § 1332 is not allowed,

---

[15] LA. CODE CIV. PROC. art. 893(A)(1).
[16] *See* Exhibit "E".
[17] *Balboa*, 2019 U.S. Dist. LEXIS 231561, at *5 (citing *Norwood v. Grocers Supply Co., Inc.*, No. 12-751, 2013 U.S. Dist. LEXIS 25510, 2013 WL 686410 (W.D. La. Feb. 25, 2013); *Dushane v. Gallagher Kaiser Corp.*, No. 05-0171, 2005 U.S. Dist. LEXIS 39905, 2005 WL 1959151 (W.D. La. Aug. 10, 2005)).

there is an exception to this rule when the parties are asserting a right to a common and undivided interest.[18] As noted by Sentry in its Petition of Intervention, it is seeking subrogation and reimbursement "out of any proceeds of any judgment or settlement which may be rendered in these proceedings in favor of DONALD COOK for such compensation benefits and medical expenses which Intervenor has paid and/or may have to pay in the future[.]"[19] Accordingly, Defendants aver that a common and undivided interest exists between the claims asserted by Plaintiff and the claims asserted by Sentry such that their claims may be aggregated for determining whether jurisdiction exists under § 1332.

18.     Defendants contest liability, the legal existence and basis of, and the amount of damages asserted by Plaintiff and Sentry; however, for purposes of removal only, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**C.     No joined and properly served defendant is a citizen of Louisiana.**

19.     In diversity cases, there is a procedural limitation on removal known as the forum defendant rule.[20] The rule is provided by 28 U.S.C. § 1441(b)(2) which states, "[a] civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The United States Fifth Circuit recently held that based on the plain language of § 1441(b)(2), "[a] non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is

---

[18] *See Pho An, LLC v. Capital One, N.A.*, Nos. 16-cv-14400, 16-cv-14733; 16-cv-15802, 2017 U.S. Dist. LEXIS 156647, at *9 (E.D. La. Sep. 25, 2017) (citing *Snyder v. Harris*, 394 U.S. 332, 336, 89 S. Ct. 1053, 22 L. Ed. 319 (1969)); *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 563 (5th Cir. 1993) (citing *Pinel v.Pinel*, 240 U.S. 594, 596, 36 S. Ct. 416, 417, 60 L. Ed. 817 (1916)
[19] Exhibit "B", at ¶ 4.
[20] *Tex. Brine Co., L.L.C. v. Am. Arbitration Ass'n*, 955 F.3d 482, 485 (5th Cir. 2020).

a citizen of the forum state."[21] In other words, it is only the citizenship of the parties who have been properly joined and served that counts for purposes of determining whether the forum defendant rule applies.[22]

20. Here, as of the time of filing this Notice of Removal, the only parties who have been served with either the Petition are NUFICO and Hyatt. And as noted above, NUFICO is a citizen of Pennsylvania and New York, while Hyatt is a citizen of Delaware and Illinois. Because neither NUFICO nor Hyatt are citizens of Louisiana, the forum defendant rule does not apply to bar removal of this matter.

### III. The necessary parties have consented to removal as required by 28 U.S.C. § 1446(b)(2)(A).

21. 28 U.S.C. § 1446(b)(2)(A) provides that when a civil action is removed under § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." Here, as noted above, the only Defendants who have been served with Plaintiff's Petition are NUFICO and Hyatt, both of whom have joined in this removal. Accordingly, the consent requirement for removal has been satisfied.

### IV. Defendants' removal is timely.

22. As noted above, 28 U.S.C. § 1442(b)(1) provides, "[t]he notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." In the event it cannot be determined from the face of an initial pleading that the case is removable, a notice of removal may be filed within 30 days of receipt by the defendant, "of a copy of an amended petition, motion, order or other paper from which it may

---

[21] *Id.*, 955 F.3d at 487.
[22] *See Id.*

first be ascertained that the case is one which has become removable." Removal under § 1442(b)(3) must be perfected within one year of the commencement of the action in state court.[23]

23. Here, as outlined above, it could not be determined from the face of Plaintiff's Petition that this case was removable. It was not until undersigned counsel received correspondence from opposing counsel on January 14, 2021 that Defendants were able to determine that the amount in controversy in this matter was enough to satisfy the requirement for federal jurisdiction. Accordingly, Defendants had until February 13, 2021, to timely remove this matter after receipt of "other paper" from opposing counsel on January 14, 2021. Because this Notice of Removal has been filed prior to the February 13, 2021 deadline, removal of this matter is timely.

**V. Defendants have satisfied the remaining procedural requirements for removal.**

24. The Civil District Court for the Parish of Orleans is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

25. Pursuant to 28 U.S.C. § 1446(a), copies of Plaintiff's Petition and Sentry's Petition of Intervention are attached to this Notice of Removal.[24] There are no other documents filed in the state court record at the time of this removal.

26. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and counsel for Sentry, and a notice that this matter has been removed

---

[23] 28 U.S.C. § 1446(c)(1).
[24] *See* Exhibit "A", Exhibit "B".

to this Court is being filed with the Clerk of Court for the Civil District Court for the Parish of Orleans.

27. Defendants desires and are entitled to **trial by jury** of all issues herein

**WHEREFORE,** Defendants, National Union Fire Insurance Company of Pittsburgh, PA and Hyatt Corporation pray that the above action now pending in the Civil District Court for the Parish of Orleans, State of Louisiana, be removed therefrom to this Court.

Respectfully submitted,

*/s/ Jose R. Ruiz*
Robert E. Kerrigan (#07350)
*rek@deutschkerrigan.com*
Jose R. Ruiz (#37850)
*jruiz@deutschkerrigan.com*
**DEUTSCH KERRIGAN, L.L.P.**
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: 504 593-0697

*Counsel for Defendants,*
*National Union Fire Insurance Company of*
*Pittsburgh, PA and Hyatt Corporation*